UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                2:12-cr-88-FtM-29UAM

BRANDON NASH

_____

## ORDER REGARDING COURT'S SENTENCING DETERMINATIONS

This matter came before the Court on August 26, 2013, for a sentencing hearing. The Court heard arguments on defendant's objections to two of the enhancements to the base offense level proposed in the Presentence Report. Pursuant to Fed. R. Crim. P. 32(i)(3)(B), the Court makes its determinations regarding these pending objections to the Presentence Report.

The Presentence Report reflects the following facts, which have been accepted by both parties. (Presentence Report, ¶¶ 9-10.) On January 25, 2012, defendant sold 26.4 grams of crack cocaine to a confidential informant of the Federal Bureau of Investigation for $3,000. Defendant was subsequently indicted, and a warrant was issued for his arrest. On September 10, 2012, the U.S. Marshals Florida Regional Fugitive Task Force (the Task Force) observed defendant entering an apartment in Fort Myers and then departing back to a vehicle. Personnel from the Task Force approached defendant, advised him they were police officers, and directed him

to stay where he was positioned. Rather than doing so, defendant dropped all of his personal property at the scene and fled on foot through the apartment complex. Task Force personnel observed defendant was in possession of a black and silver colored firearm while fleeing. Defendant fell on the pavement and the firearm bounced away towards some nearby bushes. Defendant was immediately taken into custody, and officers retrieved a Smith and Wesson SW50VE .40 caliber handgun that contained a fully loaded nine-round magazine and an additional bullet loaded in the chamber. No other facts were presented.

In calculating the offense level, the Presentence Report included a two level enhancement under United States Sentencing Guidelines Manual (U.S.S.G.) § 2D1.1(b)(1) for possession of a firearm, and a two level enhancement under U.S.S.G. § 3C1.2 for reckless endangerment during flight. Defendant objects to both enhancements.

**Paragraph 17, Possession of Firearm**: Section 2D1.1(b)(1) provides for a two-level increase to a defendant's offense level "[i]f a dangerous weapon (including a firearm) was possessed". U.S.S.G. § 2D1.1(b)(1). The Sentencing Commission has noted that "[t]he enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the

offense." U.S.S.G. § 2D1.1 cmt. n.3; U.S.S.G. § 2D1.1, cmt. n.11(A). The Government has the initial burden of showing that "the firearm was present at the site of the charged conduct or . . . that the defendant possessed a firearm during conduct associated with the offense of conviction." United States v. Stallings, 463 F.3d 1218, 1220 (11th Cir. 2006). "[T]he government must show that the firearm had some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence." Id. (quotation omitted). However, the Government need not prove that the firearm was used to facilitate the offense. United States v. Audain, 254 F.3d 1286, 1289 (11th Cir. 2001). In establishing a connection between the firearm and a drug conspiracy, the firearm enhancement "is to be applied whenever a firearm is possessed during conduct relevant to the offense of conviction." United States v. Pham, 463 F.3d 1239, 1246 (11th Cir. 2006). If the Government is successful in meeting this initial burden, then the evidentiary burden shifts to the defendant, who must demonstrate that a connection between the weapon and the offense was "clearly improbable." Stallings, 463 F.3d at 1220 (quotation omitted).

There is no evidence that defendant possessed a firearm when he sold the crack cocaine to the confidential informant on January 25, 2012. On September 10, 2012, over eight months later, defendant possessed a firearm as he fled from officers as they attempted to arrest him. There is no evidence that he possessed

any drugs at this time.  The enhancement is applicable, however, not only if a firearm is possessed during the offense of conviction, but also if a firearm is possessed during conduct relevant to the offense of conviction.  United States v. Smith, 127 F.3d 1388, 1390 (11th Cir. 1997).  Relevant conduct includes acts "that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense".  USSG § 1B1.3(a)(1)(B).  While the flight to avoid responsibility for the offense occurred eight months after the offense conduct, "nothing in the Guidelines establishes that conduct ceases to be relevant after a specified period of time." United States v. Rivera-Gomez, 634 F.3d 507, 513 (9th Cir. 2011).  The Court finds that the government has established that defendant possessed a firearm within the meaning of § 2D1.1(b)(1), and the objection is **OVERRULED.**

**Paragraph 20, Reckless Endangerment During Flight:** Section 3C1.2 of the U.S. Sentencing Guidelines provides: "If the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels."  The government must prove facts justifying the enhancement by a preponderance of the evidence.  United States v. Gonzalez, 71 F.3d 819, 836 (11th Cir. 1996).  Section 3C1.2 applies only where a defendant knows he is

fleeing from a law enforcement officer who is in pursuit of him. United States v. Martikainen, 640 F.3d 1191, 1194 (11th Cir. 2011). Flight alone, however, is insufficient to warrant this enhancement. United States v. Washington, 434 F.3d 1265, 1267 (11th Cir. 2006). During flight, defendant must have created a substantial risk of death or serious bodily injury to another, and must have done so in at least a reckless manner. "Reckless" is defined as "a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." Application Note 2 to § 3C1.2, adopting definition of "reckless" in the commentary to section 2A1.4 (Involuntary Manslaughter).

Section 3C1.2 can apply to this case because the facts clearly establish that defendant was fleeing from persons whom he knew were law enforcement officers. The facts do not establish by a preponderance of the evidence, however, that defendant's conduct created a substantial risk of death or serious bodily injury to another. All we know from the record is that defendant was running with a loaded firearm, which bounced away after defendant fell. The record does not reflect whether the firearm was in defendant's pocket, or was being carried in his hand, or was being pointed at someone, or any other details. The firearm was apparently not cocked, since it did not discharge upon falling to the pavement. Under these unadorned facts, the Court cannot find that carrying a

loaded firearm while running created a substantial risk of death or serious bodily injury to another.  See United States v. Bell, 953 F.2d 6, 10 (1st Cir. 1992) (holding that mere possession of a loaded firearm is not sufficient to support a finding that defendant created a substantial risk of death or serious bodily injury to another); United States v. Easter, 553 F.3d 519, 524 (7th Cir. 2009) (upholding the enhancement because the evidence established that defendant reached for his gun); United States v. Bates, 561 F.3d 754, 757 (8th Cir. 2009) (upholding the enhancement because the defendant struggled with the arresting officers and made numerous attempts to reach for the gun on his waist). Therefore, defendant's objection to paragraph 20 is **SUSTAINED**.

Accordingly, it is now

**ORDERED**:

1.  Defendant's objection to Paragraph 17 is **OVERRULED**.

2.  Defendant's objection to Paragraph 20 is **SUSTAINED**.

3.  Defendant's other objections are taken under advisement.

4.  Pursuant to Fed. R. Crim. P. 32(i)(3)(C), the U.S. Probation Office is directed to append a copy of these determinations to any copy of the Presentence Report made available to the Bureau of Prisons.

**DONE AND ORDERED** at Fort Myers, Florida, this   3rd   day of September, 2013.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
U.S. Probation