UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRANDON NASH,

    Petitioner,

v.　　　　　　　　　　　　　　　Case No: 2:15-cv-429-FtM-29MRM
　　　　　　　　　　　　　　　　Case No. 2:12-CR-88-FTM-29UAM
UNITED STATES OF AMERICA,

    Respondent.

_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #61)[1] filed on July 17, 2015, arguing that Johnson v. United States, 135 S. Ct. 2551 (2015) applies retroactively to remove his career offender status. The government filed a Response in Opposition to Motion (Cv. Doc. #8), and petitioner filed a Reply (Cv. Doc. #9). The Court granted petitioner leave to supplement his Motion post-Welch v. United States, 136 S. Ct. 1257 (2016), and petitioner filed his Supplement (Cv. Doc. #12) on May 26, 2016. The government filed a Supplemental Response in Opposition (Cv. Doc.

---

[1] The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

#13) on June 24, 2016, arguing that Johnson remains inapplicable and relief was foreclosed by United States v. Matchett, 802 F.3d 1185 (11th Cir. 2015).

**I.**

On August 3, 2016, the Court stayed the case pending review by the United States Supreme Court from Beckles v. United States, 616 F. App'x 415, 416 (11th Cir. 2015), and appointed counsel to review the case. (Cv. Doc. #15.) On March 6, 2017, the United States Supreme Court affirmed the Eleventh Circuit in Beckles v. United States, 137 S. Ct. 886 (2017), and determined that the Sentencing Guidelines are *not* subject to a constitutional challenge for vagueness thereby foreclosing relief for petitioner who was not sentenced under an Armed Career Criminal Act enhancement. As a result, on March 20, 2017, the Court lifted the stay and directed petitioner to notify the Court if the motion was due to be dismissed, or if petitioner wished to proceed. (Cv. Doc. #19.) In response, the Federal Public Defender moved to withdraw because petitioner wished to proceed *pro se* with additional briefing of his own. (Cv. Doc. #24.) The Federal Public Defender was permitted to withdraw without opposition. (Cv. Doc. #27.) On April 25, 2017, the undersigned denied petitioner's request to file a second supplement on his own behalf because the Court noted that the original Motion appeared to be

untimely and therefore the additional claims could not be raised. (Cv. Doc. #28.)

## II.

On July 25, 2012, a federal grand jury in Fort Myers, Florida returned a one-count Indictment (Cr. Doc. #1) charging petitioner with distribution of 28 grams or more of crack cocaine. Petitioner signed a Waiver of Indictment (Cr. Doc. #32, and on March 25, 2013, entered a plea of guilty to a one-count Information (Cr. Doc. #31) pursuant to a Plea Agreement (Cr. Doc. #33). The Waiver was accepted, and on April 9, 2013, the plea was accepted and petitioner was adjudicated guilty. (Cr. Docs. ## 39, 41.)

On August 21, 2013, counsel filed a Motion for Variance (Cr. Doc. #50) arguing for consideration of petitioner's personal history and characteristics, as well as other factors under 18 U.S.C. § 3553(a). (Cr. Doc. #50.) The Court started the sentencing hearing on August 26, 2013, but otherwise continued sentencing pending a ruling on objections. (Cr. Doc. #51.) On September 3, 2013, the Court issued an Order Regarding Court's Sentencing Determinations (Cr. Doc. #53) overruling an objection to the enhancement for possession of a firearm pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) but sustaining the objection to the enhancement for reckless endangerment while fleeing from law enforcement provided by U.S. Sentencing

Guidelines Manual § 3C1.2.  On September 25, 2013, the government filed a Notice (Cr. Doc. #54) indicating that it would no longer be seeking an enhancement pursuant to 21 U.S.C. § 841(b).

The Court granted petitioner's request for a variance for the reasons stated on the record.  (Cr. Doc. #57.)  After considering petitioner's career offender status, including his prior convictions as a juvenile for aggravated battery, and post-plea cooperation that did not rise to the level of substantial assistance, the Court imposed a sentence below the applicable guideline range of 151 to 188 months of imprisonment.  (Cr. Doc. #63.)

On October 1, 2013, the Court sentenced petitioner to a term of imprisonment of 140 months of imprisonment, followed by a term of supervised release.  (Cr. Doc. #55.)  Judgment (Cr. Doc. #56) was filed on October 2, 2013.  Petitioner did not appeal to the Eleventh Circuit, and the conviction became final 14 days after the October 2, 2013 Judgment on October 17, 2013.  See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000).

**III.**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), federal prisoners have one year from the latest of any of four events to file a § 2255 Motion:

> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner would have had until October 17, 2014 under Section 2255(f)(1) to file his Motion, which was untimely filed on July 17, 2015. Petitioner filed his motion pursuant to Section 2255(f)(3) based on the decision in Johnson and its retroactive application.

A review of the underlying criminal docket and the Presentence Report reflects that petitioner was not sentenced under the Armed Career Criminal Act (ACCA). Petitioner was sentenced as a career offender under the sentencing guidelines because he had three prior

felony convictions that were crimes of violence, including: (1) aggravated battery with a firearm in Lee County; (2) fleeing or attempting to elude with wanton disregard under Fla. Stat. § 315.1935(3) (2006) in Lee County; and (3) fleeing and eluding law enforcement officer with lights, sirens active under Fla. Stat. § 315.1935(2) (2009) in Lee County.  Since petitioner's sentence was not enhanced under the ACCA, Johnson and Beckles do not apply to extend the statutory time limitation of one year from the date petitioner's conviction became final, and petitioner's motion will be dismissed as untimely.

**IV.**

To the extent that petitioner sought to argue in his proposed second supplement that the prior convictions should not have been counted, see Cv. Doc. #26, p. 5, the Court notes that petitioner's argument is without merit and contrary to binding precedent.  See, e.g., United States v. Travis, 747 F.3d 1312, 1315 (11th Cir. 2014) (finding flight under Fla. Stat. § 315.1935(1) is a crime of violence); United States v. Petite, 703 F.3d 1290 (11th Cir. 2013) (finding flight under Fla. Stat. § 315.1935(2) is a crime of violence); United States v. Harris, 586 F.3d 1283, 1284 (11th Cir. 2009) (reaffirming that flight under Fla. Stat. § 315.1935(3) is a crime of violence).  Petitioner was otherwise foreclosed from presenting his supplemental ineffective assistance of counsel

arguments because petitioner's original motion was based on Johnson, which does not entitle petitioner to relief.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #61) is **DISMISSED** as untimely, or in the alternative, is **DENIED** because he is not entitled to relief under Johnson and Welch.

2. Petitioner's Motion for Reconsideration and or Re-Review (Cv. Doc. #29) is **DENIED** as moot.

3. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this __4th__ day of May, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA